# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CALLEN TRENT LATZ,

        Defendant-Appellant.

FOR PUBLICATION
December 20, 2016

No. 328274
Clinton Circuit Court
LC No. 14-011348-AR

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

O'CONNELL, J. (*dissenting*).

I respectfully dissent. The majority opinion applies a traditional legal analysis to resolve the interplay between MCL 750.474, the newly enacted illegal transportation of marijuana statute, and the Michigan Medical Marijuana Act (MMMA), MCL 333.26421 *et seq*. The majority concludes that the two statutes are inconsistent and that the MMMA preempts the transportation statute. Because I discern that such an analysis is impractical and not viable, I respectfully offer a workable solution to resolve this unending imbroglio.[1]

I would conclude there is no irreconcilable conflict between the MMMA and the transportation statute and that this defendant may have immunity from prosecution. Accordingly, I would remand this case to the trial court for a factual determination of whether the defendant is in compliance with the MMMA. If defendant is in compliance, the defendant should have immunity from prosecution and the trial court should dismiss the charges.

## I. THE TRADITIONAL ANALYSIS IS FLAWED

---

[1] The trial courts of this state are split: six district courts and three circuit courts have concluded the transportation statute is valid and enforceable, while six district courts and two circuit courts have ruled it either unconstitutional or invalid under the MMMA. The split in the circuit courts is empirical evidence that applying a traditional analysis to the MMMA obfuscates the interpretation of the act.

Defendant argues that an irreconcilable conflict exists between the MMMA and the transportation statute. Under a traditional analysis, the majority agrees and concludes that the MMMA preempts the illegal transportation of marijuana statute. I disagree.

The traditional analysis, which the majority attempts to follow,[2] requires courts to examine the interplay between the new law and old laws. Unfortunately, the MMMA is not a traditional law. The MMMA does not create any sort of affirmative right under state law to use or possess marijuana. *People v Kolanek*, 491 Mich 382, 393-394; 817 NW2d 528 (2012). The MMMA also does not repeal any drug laws contained in the Public Health Code or the penal code. It does not attempt to amend, revise, or change any existing laws in the State of Michigan. Accordingly, possession of marijuana remains a misdemeanor offense under MCL 333.7403(2)(d), and the manufacture of marijuana remains a felony under MCL 333.7401(2)(d).[3] See *Kolanek*, 491 Mich at 394.

Instead, we must view the MMMA for what it really is: an anti-enforcement law. The MMMA "merely provides a procedure through which seriously ill individuals using marijuana for its palliative effects can be identified and protected from prosecution under state law." *People v Redden*, 290 Mich App 65, 90; 799 NW2d 184 (2010) (O'CONNELL, P.J., *concurring*). This remarkable type of law renders a traditional analysis flawed, and reviewing the MMMA from a traditional standpoint only allows the pubic to fall further into the abyss of confusion surrounding which actions are permissible under the MMMA.[4]

---

[2] Two traditional methodologies exist to challenge the constitutionality of a legislative enactment: a "facial" challenge and an "as applied" challenge. The majority opinion does not distinguish between the two.

[3] Since possession of marijuana is illegal in the State of Michigan, the illegal transportation of marijuana statute regulates how an illegal substance is to be transported in a motor vehicle. A statute regulating the transportation of an illegal substance appears at first blush to be a bit odd. If marijuana is an illegal substance, why regulate how it is to be transported? It would appear that those individuals not in compliance with the MMMA can be charged with both possession of marijuana and illegal transportation of marijuana.

[4] In my concurring opinion in *Redden*, I warned against interpreting the MMMA in a piece meal fashion because doing so would create confusion. I attempted to establish a framework for the law to keep confusion to a minimum. Hundreds or more medical marijuana cases have worked their way through our court system. If my original framework had been adhered to, some citizens would have retained their freedom, property, liberty, and legal fees, and townships, cities, police, and prosecutors would have saved valuable resources in their quest to interpret the act. With a heavy heart I warn: here we go again. The new acts appear to be a compromise between competing forces that can only lead to confusion, consternation, and more chaos. I strongly suggest that whoever is put in charge of the new framework immediately promulgate clear and concise administrative rules for implementation, something clearly lacking under both the MMMA and the new legislative enactments.

The majority opinion exemplifies why a traditional analysis is unworkable when attempting to apply it to an anti-enforcement law:

> The illegal transportation of marijuana statute expressly refers to this provision and unambiguously seeks to *place additional requirements* on the transportation of medical marijuana beyond those imposed by the MMMA. Thus, MCL 750.474 clearly subjects persons in compliance with the MMMA to prosecution despite that compliance, and it is therefore impermissible.

The majority's traditional analysis leads it to conclude that ". . . any law that is not in compliance with the MMMA is impermissible." This over-broad and sweeping announcement turns the MMMA upside down. I conclude the opposite: because the MMMA merely provides immunity to individuals who comply with the act, it is not intended to nullify all existing or future marijuana-related laws in the penal and health codes. Instead, it provides immunity for individuals from new laws as long as they comply with the MMMA.

## II. A SIMPLER ANALYSIS FOR THE MMMA

The analysis for interaction between the MMMA and the transportation statute, when viewed from my perspective, is quite uncomplicated, causes no confusion, and can be applied to all subsequent legislation involving the MMMA.

First, we begin with the presumption that laws are constitutional. *United States v Salerno*, 481 US 739, 745; 107 S Ct 2095; 95 L Ed 2d 697 (1987); *Phillips v Mirac, Inc*, 470 Mich 415, 422; 685 NW2d 174 (2004). Second, the party challenging the facial constitutionality of the act "must establish that no set of circumstances exists under which the [a]ct would be valid. The fact that the . . . [a]ct might operate unconstitutionally under some conceivable set of circumstances is insufficient . . . ." *Salerno*, 481 US at 745. Third, we must review for "positive conflict" between the laws, such that the two laws "cannot consistently stand together." See *Ter Beek v City of Wyoming*, 495 Mich 1, 11; 846 NW2d 531 (2014) (quotation marks and citation omitted). If the defendant would be immune from prosecution under the new law if he or she complied with the MMMA, the laws consistently stand together.[5]

If I were to analogize the MMMA to an existing process, I would conclude it is similar to the Bill of Rights contained in the United States Constitution. The Bill of Rights places limitations on the powers of the federal government. See *Woodland v Mich Citizens Lobby*, 423 Mich 188, 204; 378 NW2d 337 (1985). Simsilarly, the MMMA in part places limitations on the drug laws in the State of Michigan. The Bill of Rights does not preempt any law concerning expression—some regulations, such as neutral time, place, and manner regulations, may be

---

[5] Under my analysis, a different result would have occurred in the case of *Ter Beek*. The *Ter Beek* opinion could have concluded that the City of Wyoming has the constitutional right to enact Wyoming code ordinance Section 90-66, but that Ter Beek had an immunity card and was therefore immune from prosecution under the ordinance.

acceptable. *Jott, Inc v Clinton Charter Twp*, 224 Mich App 513, 527; 569 NW2d 841 (1997). This is the framework that I would apply to the MMMA's anti-enforcement provisions.

### III. APPLYING THIS ANALYSIS

The only question before this Court is whether the MMMA provides immunity for the illegal transportation of marijuana. My answer is a simple "yes."

First, I presume that the transportation statute is constitutional. Second, Latz has not established that the act is valid under no set of circumstances. Third, I then conclude that there is no positive conflict in the laws. The transportation statute purpose is to regulate the transportation of marijuana in a motor vehicle. Defendant's arguments to the contrary, the transportation statute does not modify, change, or alter any provisions of the MMMA, nor is it inconsistent with the medical use of marijuana.

The MMMA defines "medical use" as "the acquisition, possession, cultivation, manufacture, use, internal possession, delivery, transfer, or transportation of marihuana or paraphernalia relating to the administration of marihuana to treat or alleviate a registered qualifying patient's debilitating medical condition or symptoms associated with the debilitating medical condition." MCL 333.26423(f). The transportation statute is to the MMMA what a time, place, and manner restriction is to the First Amendment: it is narrowly tailored to serve the public safety interest in keeping marijuana out of the reach of drivers who are operating motor vehicles. And granting defendant protections against the transportation statute's sanctions if defendant complies with the MMMA, does not annul the illegal transportation statute, but rather it recognizes that defendant has protection under state law for MMMA-compliant behavior.

It is not impossible to comply with both the MMMA and the transportation statute. The transportation statute's regulations on the transportation of marijuana do not conflict with the MMMA's limited state-law immunity for certain medical marijuana uses, and the MMMA does not stand as an impediment to the accomplishment and execution of the full purposes and objectives of the transportation statute. The two legislative acts are fully compatible.

In this case, the parties do not dispute that the transportation statute regulates the manner in which marijuana can be transported in a motor vehicle, nor do the parties dispute that an individual whose medical use of marijuana falls within the scope of § 4(a)'s protections from "penalty in any manner" has immunity from prosecution under the transportation statute. The parties limited dispute is the scope of the protection afforded under § 4(a). Stated another way, a statute that regulates the time, place, and manner in which marijuana can be transported in a motor vehicle does not encroach on the MMMA's limited protections against the enforcement of the penal code provisions against the transportation of marijuana. Because the MMMA's scope of immunity for § 4(a) compliant individuals is broad and includes immunity from "penalty in any manner," it would include immunity from prosecution under the transportation statute.

However, the MMMA's immunity is only available to those individuals who are in compliance with the strictures of the MMMA. The MMMA provides limited immunity against the enforcement of the transportation statute. The trial court has not addressed this compliance issue and therefore under my analysis a remand to the trial court is necessary to determine if the

defendant is in compliance with the MMMA. If defendant is in compliance with the MMMA, defendant has immunity from prosecution and the charge must be dismissed.

I would conclude that the transportation statute is a validly enacted law. But because defendant has not demonstrated his entitlement to immunity under the MMMA, this case requires remand to the trial court to determine whether defendant is MMMA-compliant.

I would remand for further proceedings consistent with this opinion. I would not retain jurisdiction.[6]

/s/ Peter D. O'Connell

---

[6] I note that were I not advocating for a different analysis for the interpretation of the MMMA, I would agree with the amicus brief that MCL 750.474 does not prohibit the possession or transportation of marijuana. It simply regulates the manner in which individuals may transport marijuana. Therefore, it would not be inconsistent with the strictures of the MMMA, and Section 7(e) of the MMMA is not applicable to the facts of this case.